THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN RIVERA FIGUEROA, Defendant and Appellant.

No. CR-65-38.     Decided March 25, 1966.

Santiago C. Soler Favale for appellant. J. B. Fernández Badillo, Solicitor General, and Adaljisa Díaz de Collazo, Assistant Solicitor General, for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Juan Rivera Figueroa, appellant herein, was convicted of operating a motor vehicle under the influence of intoxicating liquor and sentenced to serve six months in jail.[1] In this appeal he assigns two errors aimed at challenging the weighing of the evidence. He also alleges that under the concurring circumstances the penalty is excessive.

A reading of the testimony of prosecution witness Rafael Rodríguez shows that, if believed, as it undoubtedly was, the violation was fully established: defendant smelled strongly of liquor, staggered and "talked a lot," stuttered

---

[1] The trial court disregarded § 5-802(d) of the Vehicle and Traffic Law which provides, in conviction cases, a mandatory suspension of the driver's license for a minimum period of one year.

and could not hold himself up. *People* v. *Pérez Escobar*, 91 P.R.R. 9 (1964); *People* v. *Vélez Ruiz*, 89 P.R.R. 51 (1963), and cases therein cited. In order to reach this conclusion, we expressly dismiss the fact of the refusal to have a blood or urine sample taken which does not constitute an incriminating element, since it merely calls for a sanction of an administrative nature. *People* v. *Otero Valle*, 89 P.R.R. 71 (1963); *People* v. *Superior Court*, 86 P.R.R. 791 (1962).

■ We agree with appellant that the circumstances of the case do not warrant the imposition of a six-month penalty but rather the minimum provided by the statute at the time of the commission of the offense, namely, 10 days in jail. However, since the Act was amended in order to authorize the imposition of a fine, Act No. 6 of April 30, 1965 (Sess. Laws, p. 9), we shall grant him the benefit of the amendatory statute.[2] The penalty imposed shall be modified in order to impose to appellant a fine of $100. In *People* v. *Otero*, 61 P.R.R. 33 (1942); *People* v. *Cases*, 61 P.R.R. 371 (1943); *People* v. *Malavé*, 61 P.R.R. 391 (1943); *People* v. *Soto*, 61 P.R.R. 497 (1943), we imposed the penalty authorized by an amendatory statute which reduced the minimum prescribed by the original Act for violations committed prior to its effectiveness.

■ From the preceding summary it appears clearly that this is not an intervention in the imposition of the penalty by the trial court since the ground of the assignment of error is precisely that the penalty imposed is excessive. We cannot but consider it, and it is little less then useless to remand the case to the trial judge to review the judgment since he did not make good use of his discretion at the

---

[2] Sections 44 and 386 of the Political Code, 2 L.P.R.A. §§ 252 and 253, do not bar this solution since the Act in this case is amendatory of a penalty and not derogatory of criminal liability. *People* v. *District Court*, 70 P.R.R. 644 (1949), actually involved a repeal of a penal act, even though the Legislative Assembly labelled it "amendment" (at p. 647).

time of imposing the original penalty. This Court has the recognized power to modify penalties, especially where, as in the present case, it has available the elements of judgment necessary to do so.

The insecurity and uncertainty referred to in the dissenting opinion is more apparent than real. An examination of our judgments in criminal appeals shows that the grounds of such assertion are very precarious.

Judgment will be rendered accordingly.

Mr. Chief Justice Negrón Fernández dissented in part. Mr. Justice Belaval delivered a separate opinion in which he dissents from the pronouncement modifying the judgment. Mr. Justice Santana Becerra concurs in the result.

—O—

MR. JUSTICE NEGRÓN FERNÁNDEZ, dissenting.

San Juan, Puerto Rico, March 25, 1966

After carefully studying the evidence heard in this case, I dissent from that part of the judgment which modifies that of the trial court from 6 months in jail to $100 fine.

As a general rule, except in cases in which it may be indispensable, I would prefer to remand to the trial court, for new judgment, any case in which this Court believes that it should grant to defendant the benefit of the amendment introduced in Act No. 141 of July 20, 1960 (Sess. Laws, p. 402) by Act No. 6 of April 30, 1965 (Sess. Laws, p. 9), authorizing the imposition of a fine in lieu of or in addition to jail. This is so because I consider that our intervention in the trial court's discretion in the imposition of penalties when there is a new state of law—nonexistent at the time of the judgment rendered by the trial court as in this case—creates an undesirable sensation of insecurity and uncertainty in the judges of the Superior Court as to the propriety and correctness of penalties imposed by them other than fine, or

which are not the minimum fine,. which I consider detrimental to the judicial process and to the reiterated norms not to intervene in the trial court's discretion in the imposition of penalties save in extraordinary cases; and also because it gives a mistaken impression of laxness on the part of this Court in connection with the problem which persons driving automobiles in a state of intoxication represents for the public safety on our highways.

—O—

MR. JUSTICE BELAVAL, dissenting.

This is an accusation against appellant in this case for operating a motor vehicle under the influence of intoxicating liquor. We have examined the evidence in this case and, although there is evidence of the violation, the case does not call for the excessive penalty imposed by the trial judge. The only element of disinterested, indicial proof incriminating defendant is the testimony of a policeman in the sense that defendant refused to have a blood or urine sample taken. As to defendant's pitiful state, there is no question that he received in the collision a wide bleeding wound on the forehead which made him dizzy and compelled him to be confined in a hospital.

The Solicitor General of Puerto Rico is agreeable to our reducing the penalty of six months in jail imposed by the trial judge. Act No. 141 of July 20, 1960, originally provided a jail penalty for a term of not less than ten (10) days nor more than (1) year for the first violation of § 5-802 (a) thereof. Subsequently, the amendment to § 5-802 (a) introduced by Act No. 6 of April 30, 1965, provides for the first violation a fine of not less than one hundred (100) dollars nor more than one thousand (1,000) dollars, or imprisonment in jail for a term of not more than one year.

There is no question that our remedial intentions should

not go so far as to direct a judgment of fine in lieu of a jail sentence imposed by the trial judge. Defendant-appellant was sentenced on March 27, 1961, and the subsequent amendment of Act No. 6 went into effect on April 30, 1965. It is known that in the case of past and terminated proceedings, § 44 of the Political Code of Puerto Rico of 1902—2 L.P.R.A. § 252, p. 365—provides that "the repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act committed in violation of the law so repealed unless the intention to bar such information and punishment is expressly declared in the repealing Act." Our case law has already established that an amendment amounts to a repeal, *People* v. *Veláz-quez*, 35 P.R.R. 548, 552 (Franco Soto) (1926); *People* v. *District Court*, 70 P.R.R. 644, 647–49 (De Jesús) (1949).

For the reasons stated the judgment rendered on March 27, 1961, should be modified reducing the same to 10 days in jail.